IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY T. DAN, | ) | 4:09CV3006 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TECUMSEH STATE | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on January 12, 2009. (Filing No. 1.) Plaintiff has also filed three Supplements to his Complaint.[1] (Filing Nos. 6, 8 and 9.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his original Complaint in this matter on January 12, 2009, against the Tecumseh State Correctional Institution ("TSCI"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently confined at TSCI in Tecumseh, Nebraska. (*Id*.)

Condensed and summarized, Plaintiff alleges that TSCI staff carelessly handled and lost two outgoing letters addressed to his mother. (*Id*. at CM/ECF pp. 5-6.) Plaintiff alleges that his mother could be in danger if the letters are not located. (*Id*. at CM/ECF p. 6.) Plaintiff also alleges that TSCI staff refused to let

---

[1]The court will treat Plaintiff's Supplements as supplemental to the original Complaint for purposes of the Memorandum and Order.  NECivR 15.1(b).

him shower for seven days. (*Id*. at CM/ECF p. 7.) Plaintiff alleges TSCI's refusal to let him shower is an act of retaliation against him because he filed a civil case, Case No. 4:08CV3243. (*Id*.) Plaintiff seeks monetary damages in the amount of $1,000,000.00. (*Id*. at CM/ECF p. 30.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff only sues TSCI, a state instrumentality. (Filing No. 1 at CM/ECF p. 1.) In addition, Plaintiff only seeks monetary relief. (*Id*. at CM/ECF p. 30.) As discussed above, Plaintiff may not sue a state instrumentality for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is no indication that the state waived or Congress overrode immunity here. As such, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

March 10, 2009.            BY THE COURT:

                           s/ Joseph F. Bataillon
                           Chief United States District Judge